IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DETLEF F. HARTMANN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 12-436-SLR |
| | ) |
| G.R. JOHNSON, Warden, and | ) |
| ATTORNEY GENERAL OF | ) |
| THE STATE OF DELAWARE, | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM ORDER**

At Wilmington this ⁀Hᵣ day of March, 2013, having reviewed the above captioned case pursuant to Rule 4, 28 U.S.C. foll. § 2254;

IT IS ORDERED that petitioner Detlef F. Hartmann's ("petitioner") pro se application for habeas relief (D.I. 1) is **DISMISSED**, for the reasons that follow:

**1. Background.** In December 1999, petitioner was indicted on multiple counts of unlawful sexual intercourse, unlawful sexual contact, and possession of child pornography. In March 2001, petitioner pled guilty in the Delaware Superior Court to one count of second degree unlawful sexual intercourse (a lesser included offense of first degree unlawful sexual intercourse) and two counts of unlawful sexual contact. The victim was his child. *Hartmann v. State*, 818 A.2d 970 (Del. 2003). Petitioner was immediately sentenced to an aggregate of nineteen years of incarceration, suspended after ten and one half years for decreasing levels of supervision. *See Hartmann v. State*, 19 A.3d 301 (Table), 2011 WL 1486567 (Del. Apr. 19, 2011). Petitioner did not appeal his conviction or sentence. *Id.*

2. Petitioner filed an application for habeas relief pursuant to 28 U.S.C. § 2254

in August, 2003.  In November, 2004, the Honorable Joseph J. Farnan, Jr. denied the application as time-barred.  *Hartmann v. Carroll*, Civ. A. No. 03-796-JJF, Mem. Op. and Order (D. Del. Nov. 16, 2004).  The Court of Appeals for the Third Circuit affirmed that decision on July 9, 2007.  *Id.* at D.I. 61.

3.  On February 24, 2009, while petitioner was serving the Level III probationary portion of his sentence, the State filed a motion to modify the "no contact with minors" provision of his probation.  *See Hartmann v. State*, 2011 WL 1486567, at *1.  On March 20, 2009, the Superior Court modified that condition of petitioner's sentence to provide for no contact with any minor child, including "any biological child who has been adopted by another, following [petitioner's] termination of parental rights."  *Id.*

4.  Petitioner's appeal from that modified sentence was dismissed as being untimely filed.  *Id.*  Petitioner then filed a series of motions, including a motion for post-conviction relief filed pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion").  The Superior Court denied all of his motions in an order dated December 22, 2010.  Petitioner appealed, and the Delaware Supreme Court affirmed that judgment. *Id.*

5.  Petitioner's instant application for habeas relief asserts one ground for relief, namely, that he was "a legal custodian as defined by statute, but the lower court judges legislated from the bench and added their own definitions," thereby denying him "procedural due process and equal protection of the laws."  (D.I. 1 at 4)

6. **Standard of Review.**  A district court judge may summarily dismiss a habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief."  Rule 4, 28 U.S.C. foll. § 2254.  Federal

2

habeas relief is unavailable to a state prisoner unless he "is in custody in violation of the Constitution of laws . . . of the United States." *See* 28 U.S.C. § 2254(a) and (d). Notably, "[b]eing on probation meets the 'in custody' requirements for purposes of the habeas statute." *See Lee v. Stickman*, 357 F.3d 338, 342 (3d Cir. 2004).

7. **Discussion.** Given petitioner's unclear presentation, the court construes petitioner's sole ground for relief as asserting one of two possible challenges: (1) the Delaware Family Court improperly terminated his parental rights; or (2) the Superior Court's modification of the condition of his probation prohibiting him from having contact with any of his biological children for whom his parental rights have been terminated violated his right to procedural due process and equal protection of the laws. Neither interpretation, however, aids petitioner in his quest for federal habeas relief. As explicitly held by the United States Supreme Court, "[f]ederal habeas has never been available to challenge parental rights or child custody." *Lehman v. Lycoming County*, 458 U.S. 502 (1982). Moreover, the Delaware Supreme Court's decision that the Superior Court acted within its authority to modify the "no contact" provision of his probation was a matter of interpretation of state law and, therefore, not subject to federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Accordingly, the court summarily dismisses petitioner's application for failure to assert an issue cognizable on federal habeas review.

8. The court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3rd Cir. LAR 22.2 (2011).

3

IT IS FURTHER ORDERED that petitioner's motion for representation by

counsel (D.I. 3), and his motion to obtain records from the Delaware state courts (D.I.

4), are **DENIED** as moot.[1]

IT IS FURTHER ORDERED that the clerk of the court shall close the case and

mail a copy of this memorandum order to petitioner at his address of record and to

respondents.

_____
UNITED STATES DISTRICT JUDGE

---

[1]The court acknowledges that petitioner's filings in this case all assert the same underlying allegation that he suffers from a mental disability. Petitioner is a frequent filer with this court, and he has raised this same allegation in at lease one other case, namely, a prison conditions case filed pursuant to 42 U.S.C. § 1983. *See Hartmann v. Carroll et al*, Civ. A. No. 06-340-SLR. On August 8, 2012, the court denied petitioner's request for counsel in Civ. A. No. 06-340-SLR after holding that petitioner is competent within the meaning of Federal Rule of Civil Procedure 17(c). *See Hartmann*, Civ. A. No. 06-340-SLR, Mem. Op. and Order (D. Del. Aug. 8, 2012). Since that ruling, petitioner has not provided any new evidence supporting the vague allegations of mental incompetence asserted in this case. Accordingly, taking judicial notice of its prior determination, the court will not re-consider petitioner's unsupported allegations of mental disability.